NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DOUGLAS D. DISMUKE, suing as "*Sir Douglas Dismuke*," <br><br> Petitioner, <br><br> V. <br><br> ERIC D. WILSON, Warden, <br><br> Respondent. | Civil No. 10-179-GFVT <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

Douglas D. Dismuke, a/k/a "Sir Douglas Dismuke," is confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Dismuke has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his federal criminal sentence.

This matter is properly before the Court for screening. *See* 28 U.S.C. § 2243. At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1] Because Dismuke has not demonstrated that his available remedy under 28

---

[1] As Dismuke is appearing *pro se,* the Court holds his pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court takes as true the *pro se* litigant's allegations and liberally construes them in his favor. *Urbina v. Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b).

U.S.C. § 2255 was inadequate or ineffective to challenge his federal conviction and sentence, his § 2241 petition will be denied, and this proceeding will be dismissed.

**I.**

Dismuke pleaded guilty to armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), (d), in two separate cases, one in 2002 and another in 2003, and was sentenced on the same day to 252 months' imprisonment for each, to run concurrently. *United States v. Dismuke*, No. 3:03-cr-50010-1 (N.D. Ill. May 1, 2003); No. 3:02-cr-50061-4 (N.D. Ill. May 1, 2003) ("the Trial Court").[2] On direct appeal, Dismuke's sentence was summarily affirmed. *Dismuke v. United States*, Nos. 03-2318, 03-2301 (7th Cir. Nov. 4, 2003); *see also Dismuke v. United States*, Nos. 03-2272, 03-2273 (appeals dismissed as duplicative).

Dismuke claims that his sentence violates the Due Process Clause of the United States Constitution. Specifically, he alleges that his sentence was improperly enhanced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e). Dismuke seeks relief from his enhanced sentence by way of the instant petition filed under § 2241.

Dismuke has engaged in extensive litigation collaterally attacking his ACCA-enhanced sentence. Dismuke filed a motion in the Trial Court, pursuant to 28 U.S.C. § 2255, challenging his guilty plea and sentence. *United States v. Dismuke*, 3:04-CV-50427 (N.D. Ill. Oct. 18, 2004). Dismuke argued that: (1) he was denied his Sixth Amendment right to a jury trial when the court sentenced him to a term of imprisonment exceeding the sentencing guidelines range set forth in his written plea agreement; (2) the government breached the plea agreement because his sentence

---

[2] The Trial Court also imposed, as part of Dismuke's sentence, five years of supervised release and $2,749.00 in restitution.

exceeded the upper end of the range stated in the plea agreement; (3) the indictment was insufficient to invoke the court's jurisdiction because it did not allege a specific intent; (4) his attorney was ineffective in failing to advise him that he qualified as a career offender; and (5) his counsel was ineffective for not advising him that a jury must find sentence enhancements beyond a reasonable doubt.

On March 15, 2005, the Trial Court denied Dismuke's § 2255 motion, finding that he waived his first three contentions by not raising them in his direct appeal. *Id*., R. 7. The Court rejected on the merits Dismuke's various claims that his enhanced sentence was the result of ineffective assistance of counsel, finding that the plea agreement expressly provided for the Trial Court to determine the applicable guidelines range; that Dismuke acknowledged that there was no agreement regarding his sentence and that the final determination was to be made by the Trial Court; and that, pursuant to the agreement of the parties, the plea agreement made no reference to Federal Rule of Criminal Procedure 11(c)(1)(c). *Id*., p. 1. The Trial Court also rejected Dismuke's claim that his counsel was ineffective in failing to advise him that he qualified as a career offender prior to entering his guilty plea. The Trial court determined that Dismuke did not allege that his counsel's prediction regarding his sentence was made in bad faith. *Id*., p. 2.

The Trial Court subsequently declined to issue a Certificate of Appealability. R. 11. On appeal, the Seventh Circuit denied Dismuke's motion to proceed *in forma pauperis* on appeal and his application for certificate of appealability, finding no substantial showing of the denial of a constitutional right. *Dismuke v. United States*, No. 05-1970 (7th Cir. Feb. 23, 2006).

Thereafter, Dismuke filed two nearly identical motions in his criminal proceeding regarding his restitution obligations. The Trial Court assigned each of the motions a new civil

number and dismissed both as unauthorized, successive § 2255 motions. *United States v. Dismuke*, Nos. 3:07-cv-50235 (N.D. Ill. Nov. 30, 2007); 3:07-CV-50236 (N.D. Ill. Nov. 30, 2007). On appeal, the Seventh Circuit remanded but instructed the Trial Court to deny the motions on the merits. *United States v. Dismuke* No. 07-3976 (7th Cir. Mar. 20, 2008). Dismuke unsuccessfully moved the Trial Court for rehearing and filed three separate appeals–one in the 2002 criminal case and one in both of the new civil cases. The Seventh Circuit dismissed all three appeals in August of 2008 for failure to pay the appellate filing fees.

On December 10, 2007, Dismuke filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana ("the Southern District of Indiana"), again seeking relief from his ACCA-enhanced sentence. *Dismuke v. Veach*, No. 2:07-CV-00349-RLY (S.D. Ind.). Dismuke argued that the career-offender enhancement portion of his federal sentence should be vacated because mere possession of a sawed-off shotgun did not constitute a violent offense for purposes of the ACCA.

On May 12, 2008, the Southern District of Indiana dismissed Dismuke's § 2241 petition, noting that the Trial Court had previously rejected on the merits this same challenge when it denied Dismuke's prior § 2255 motion, which that court described as Dismuke's one unencumbered "opportunity to receive a decision on the merits." *Id*. (citing *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000). The Southern District of Indiana further concluded that Dismuke had failed to demonstrate "that his remedy under § 2255 was either inadequate or ineffective to test the legality of his detention." *Id*.

Still undeterred, on June 19, 2009, Dismuke filed identical Rule 60(b) motions in each of his criminal cases, arguing that he no longer qualifies as a career offender. The Trial Court

4

assigned each of the motions a new civil number, denied both as unauthorized, successive § 2255 motions lacking the requisite appellate certification,[3] and dismissed both proceedings for lack of jurisdiction. *United States v. Dismuke*, Nos. 3:09-CV-50139; 3:09-CV-50140 (N.D. Ill. June 22, 2009). On appeal, the Seventh Circuit affirmed, finding that Dismuke's challenge fell under § 2255, and that he could not file a second § 2255 motion in the district court without first receiving authorization from that court. *Dismuke v. United States*, No. 09-3073 (7th Cir. Feb. 26, 2010). Dismuke filed the instant § 2241 petition in this Court on July 1, 2010.

**II.**

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e).[4] This is an exceedingly narrow exception which applies only "when the

---

[3] The Court determined that Dismuke was actually seeking successive relief via § 2255, notwithstanding the fact that he claimed he was seeking relief under Federal Rule of Civil Procedure 60(b)(6).

[4] "Construing [the savings clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the

5

petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. Dismuke cannot make this showing. The records from the Trial Court and the Southern District of Indiana reveal that Dismuke had his opportunity to challenge his ACCA-enhanced sentence in his first § 2255 motion. After he was unsuccessful there, he continued to assert the same challenge in a series of impermissible, successive § 2255 motions in the Trial Court, some of which he filed under the guise of Rule 60(b) motions. Further, the Seventh Circuit Court has determined that Dismuke failed to make a substantial showing of the denial of a constitutional right in relation to any of his constitutional claims.

The § 2255 remedy is not rendered an "inadequate or ineffective" remedy because the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because a prisoner, like Dismuke, presented his claims in a prior post-conviction motion under § 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id*. at 758.

Here, Dismuke raises the same challenge to his ACCA-enhanced sentence he unsuccessfully asserted in numerous § 2255 motions in the Trial Court and in a prior § 2241 proceeding in the Southern District of Indiana. The "savings clause" of § 2255 allows for a §

---

[jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

2241 action only if § 2255 is inadequate or ineffective to test the legality of the detention. As the Southern District of Indiana aptly noted, Dismuke had "one unencumbered opportunity" to receive a decision on the merits, and he is not entitled to yet another opportunity to collaterally attack his sentence in the instant § 2241 proceeding.

Furthermore, Dismuke does not make a showing of actual innocence. The Sixth Circuit has interpreted § 2241 as permitting relief, in lieu of relief under § 2255, when the individual can make a showing of actual innocence. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this case, Dismuke challenges only his ACCA-enhanced sentence as opposed to the underlying substantive crime for which he is serving his current sentence. Federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *see also Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C. July 23, 2009).

Consequently, Dismuke's § 2241 claim of "actual innocence" with respect to the sentence

enhancement does not fall within the meaning of the savings clause of § 2255. *Id*. Thus, Dismuke has not demonstrated that the remedy afforded pursuant to § 2255 is inadequate or ineffective, and he is not entitled to relief under § 2241. *See Raymer v. Barron*, 82 Fed. Appx. 431 (6th Cir. 2003); *Coles v. United States*, 177 F. Supp. 2d 710, 713 (N.D. Ohio 2001). For these reasons, Dismuke's § 2241 petition will be denied.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Dismuke's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**; and

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 19th day of July, 2010.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**