UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| DOUGLAS D. DISMUKE | ) | |
| *a/k/a "Sir Douglas Dismuke,"* | ) | |
| | ) | Action No. 6:10-CV-00179-HRW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ERIC D. WILSON, *Warden* | ) | **ORDER** |
| | ) | |
| Respondent. | | |

***** ***** ***** *****

Douglas D. Dismuke is confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. He has filed a motion, [D. E. 7] to vacate and re-enter the Orders dismissing his 28 U.S.C. § 2241 petition for writ of habeas corpus. The Court will deny Dismuke's motion but will instruct the Clerk of the Court to docket the filing as a joint motion and a construed "Notice of Appeal."

BACKGROUND

In his § 2241 petition Dismuke alleged that his 252-month sentence for armed bank robbery violated the Due Process Clause of the United States Constitution because it had been improperly enhanced under the provisions of the Armed Career Criminal Act, 18 U.S.C.A. § 924(e).

The Court screened the petition under 28 U.S.C. § 2243, and on July 19, 2010,

entered a Memorandum, Opinion and Order ("the Opinion and Order") and Judgment denying the petition and dismissing this proceeding, with prejudice [D. E. 4 & 5]. The Court found that Dismuke failed to show that his available remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge his conviction and sentence.

On July 19, 2010, the Deputy Clerk of the Court noted in the record that she sent Dismuke copies of the Opinion and Order and Judgment. *See* Clerk Notations, [D. E. 4 & 5]. This mailing has not been returned as "Undeliverable." Dismuke neither appealed the dismissal nor filed a motion seeking post-judgment relief.

Dismuke stated in his October 12, 2010, letter to the Clerk of the Court that he had filed a § 2241 "motion" and that he had "not received any documents related to that filing." [D. E. 6].[1] On October 22, 2010, the Deputy Clerk entered a docket notation stating that on that date, she mailed a copy of the docket sheet to Dismuke. [*Id.*]. On October 26, 2010, the Deputy Clerk entered another docket notation, stating that on that date she mailed a copy of the Opinion and Order and Judgment to Dismuke. The docket sheet does not indicate that either of the Clerk's October 2010 mailings to Dismuke have been returned as "Undeliverable."

In his current motion, filed November 15, 2010, Dismuke claims that although

---

[1] Dismuke's letter was post-marked October 21, 2010, and the Clerk of the Court docketed it on October 22, 2010. *Id.*

he received a copy of the docket sheet on October 25, 2010, "he has not ever been provided with a copy of the July 19, 2010 Memorandum Opinion & Order [#4] and Judgment [#5]." *See* motion, [D. E. 7, p. 2]. Dismuke stated that he was unaware that his petition had been dismissed until October 25, 2010, when he received the docket sheet that the Clerk had mailed to him three days earlier.

With the 60-day time for filing an appeal having now expired, *see* FED. R. APP. P. 4 (a)(1)(B), Dismuke now asks the Court to "vacate and re-enter" the Opinion and Order and Judgment so that his appeal will be timely. The Court construes Dismuke's motion as one seeking relief from judgment under Rule 60(b), and as a motion to equitably toll the time in which to file an appeal.

## DISCUSSION

Dismuke's request to vacate the Opinion and Order and Judgement, and then re-enter both to have a more current date, constitutes a motion for post-judgment relief under Federal Rule of Civil Procedure 60(b). To prevail under Rule 60(b), a party must show that the Court committed "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).

Dismuke's motion does not satisfy any of these criterion. The Deputy Clerk

certified that on July 19, 2010, she mailed the Opinion and Order and Judgment to Dismuke at his USP-McCreary address which was, and is, his address of record.[2] Nothing in the record indicates that either the Opinion and Order and Judgement, or any other mailings to Dismuke, have been returned to the Court as "Undeliverable."

Although courts have some discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*

Dismuke alleges no "unusual and extreme" facts justifying equitable tolling, and the Court can find none on its own, given the Deputy Clerk's certifications of service; the absence of <u>any</u> "Returned as Undeliverable" mail throughout this entire proceeding, and the lack of statements from USP-McCreary officials explaining why

---

[2] On July 2, 2010, the Clerk of the Court mailed a copy of the "Notice of Privacy Rules and Redaction Policy" to Dismuke at his USP-McCreary address. Nothing in the record indicates that the Postal Service returned that mailing as "Undeliverable."

Dismuke would not have received his mail.

The Court will also deny Dismuke's construed request to equitably toll the 60-day appeal time as he does not satisfy any of the relevant criteria. The doctrine of equitable tolling is applicable "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control," and courts must use the doctrine sparingly. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

The five factors to consider when determining whether to toll an applicable statute of limitations are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Id.*, at 560-61 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). This list is not exhaustive, and the "propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

The same reasons which preclude relief under Rule 60(b) preclude equitably tolling the time for filing an appeal in this case. Under the first two criteria (actual or constructive knowledge of the filing requirement), no Court mailings have been

marked as "Undeliverable" and returned to the Clerk. Dismuke claims to have received a copy of the Docket sheet mailed to him on October 22, 2010, but not to have received the copies of the dismissal Orders which the Deputy Clerk certified re-mailing to him four days later on October 26, 2010.

Dismuke offers no statements from USP-McCreary officials explaining possible irregularities or events that might have affected receipt of his incoming mail in July 2010 or anytime thereafter. His claims of "non-receipt" of the Opinion and Order and Judgment and other court mailings cannot be substantiated.

Under the third and fifth criteria (diligence in pursuing his rights and whether his ignorance of the dismissal was reasonable), Dismuke fares no better. Accepting as true Dismuke's claim that he did not receive copies of the Opinion and Order and Judgement when they were entered, and ignoring that <u>no</u> Court mailings to Dismuke have been returned as "Undeliverable," Dismuke did not use due diligence in ascertaining the status of his case, *i.e.*, that it had been dismissed months ago.

Notably, Dismuke does not allege that after filing his § 2241 petition on July 1, 2010, any administrative or mail-delivery problems existed at USP-McCreary which would have put him on notice that receipt of his incoming mail might be jeopardized. If he had mail-delivery concerns, he did not contact the Clerk with either written or phone inquiries as to the status of his § 2241 petition prior to late October

2010. Had he done so, the Clerk would have noted such inquiries in the docket sheet. Dismuke's sole inquiry did not reach the Court until October 22, 2010, almost four months after he filed his petition. Absent any legitimate facts challenging Dismuke's presumed receipt of the Opinion and Order and Judgment when they were entered, Dismuke has not diligently pursued his rights, and his alleged ignorance about the dismissal of his petition was unreasonable.

Finally, under the fourth criterion (absence of prejudice to the defendant), the Court has noted that public policy favors the finality of judgments. *Blue Diamond Coal Co.*, 249 F.3d at 524. Because Dismuke has not shown that the 60-day period for filing an appeal should be equitably tolled, the Court will not "vacate" the Opinion and Order and Judgment and "re-enter" it at a later date.

The Court will instruct the Clerk of the Court to note in the docket sheet that D. E. 7 is also construed as a "Notice of Appeal," and to notify the Sixth Circuit of that designation. On appeal, Dismuke may argue that his time to appeal should be equitably tolled.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Douglas Dismuke's motion [D. E. 7] to vacate and re-enter the Opinion and Order and Judgment [D. E. 4 and 5], is **DENIED**;

(2)     The Clerk of the Court shall note in the docket sheet that pursuant to this Memorandum, Opinion and Order, Dismuke's motion, D. E. 7, is also construed as a "Notice of Appeal;" and

(3)     The Clerk of the Court is directed to transmit a copy of the construed "Notice of Appeal," D.E. 7, and this Memorandum, Opinion and Order, to the Clerk of the Sixth Circuit Court of Appeals.

This December 6, 2010.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge