UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DOUGLAS D. DISMUKE )
   a/k/a *"Sir Douglas Dismuke,"* )
                                    )    Action No. 6:10-CV-00179-HRW
   Petitioner, )
                                    )
v. )
                                    )    **MEMORANDUM OPINION AND**
ERIC D. WILSON, *Warden* )            **ORDER**
                                    )
   Respondent.

***** ***** ***** *****

This proceeding is before the Court pursuant the May 3, 2011, Order from the Sixth Circuit Court of Appeals. [D. E. No. 11]. The Sixth Circuit remanded Petitioner-Appellant Douglas D. Dismuke's appeal of the dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus for the limited purpose of treating Dismuke's motion to vacate the judgment, [D. E. No. 7], as a motion to reopen the appeal period under Federal Rule of Civil Procedure 4(a)(6), instead of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Court will deny Dismuke's construed Rule 4(a)(6) motion to reopen the appeal period.

## BACKGROUND

On July 19, 2010, the Court entered a Memorandum Opinion and Order ("the

Opinion and Order") and Judgment dismissing Dismuke's § 2241 petition, finding that he had failed to show that his available remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge his federal conviction and sentence. [D. E. 4 & 5]. On July 19, 2010, the Deputy Clerk of the Court noted in the record that she had mailed copies of the Opinion and Order and Judgment to Dismuke at his address of record, USP-McCreary. *See* Clerk Notations, [D. E. 4 & 5]. That mailing was not returned as "Undeliverable." Dismuke neither appealed the dismissal nor filed a motion seeking post-judgment relief.

On November 15, 2010, Dismuke filed a motion under Federal Rule of Civil Procedure 60(b), asking the Court to vacate and re-enter its judgment pursuant to Federal Rule of Civil Procedure 60(b), thus allowing him to file a timely notice of appeal. Dismuke stated that on October 25, 2010, he received the docket sheet reflecting the dismissal of his petition on July 19, 2010; that he had not received the Opinion and Order and Judgment after they were entered on July 19, 2010; and that October 25, 2010, was the first date on which he learned that his § 2241 petition had been dismissed.

On December 6, 2010, the Court denied the Rule 60(b) motion, but directed the Clerk to docket Dismuke's motion as a notice of appeal. [D. E. No. 9]. The Court noted in its Order that the Deputy Clerk of the Court mailed the Opinion and Order

and to Dismuke on July 19, 2010; that the Deputy Clerk mailed a copy of the docket sheet to Dismuke on October 22, 2010; that the Deputy Clerk mailed another copy of the Opinion and Order and Judgment to Dismuke on October 26, 2010; but that none of the these mailings were returned to the Court as "Undeliverable." [*Id.*, pp. 5-7]. Dismuke appealed, and on May 3, 3011, the Sixth Circuit remanded the case for limited purpose of treating Dismuke's Rule 60(b) motion to vacate as a Rule 4(a)(6) motion to reopen the appeal period. [D. E. No. 11].

## DISCUSSION

Fed. R. App. P. 4(a)(6) provides that in civil cases, the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

(1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after its entry;

(2) the motion to reopen the time to appeal is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed, whichever is earlier; and

(3) the court finds that no party would be prejudiced.

3

Fed. R. Civ. P. 4(a)(6).

Rule 4(a)(6) "is intended to reduce substantially the risk that any opportunity to appeal will be forfeited by failure to receive notice of the entry of judgment." 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3950.6 (3d ed.1999). The rule authorizes the district court to permit the late filing of a notice of appeal "'where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.'" *Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214 (D.C. Cir. 1996) (citing Advisory Comm. Note, 1991 Amend. of Rule 4).

A district court has discretion to deny a Rule 4(a)(6) motion even where the movant has complied with all three express conditions. *See Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *3 n. 3 (Table) (6th Cir. August 28, 1998) (*per curiam*) (commenting that Rule 4(a)(6) "states that a district court 'may' reopen the time for appeal, not that it must"); *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003) (holding that "the district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met"); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) ("Rule 4(a)(6) allows the district court to grant relief if the

4

specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met.").

In this case, Dismuke has not satisfied the first criterion, *i.e.*, he has not demonstrated that the he did *not* receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the Opinion and Order and Judgment within 21 days after their entry. The movant bears the burden of proving non-receipt. *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995). Except for denying that he received the Opinion and Order and Judgment dismissing his § 2241 petition, Dismuke did nothing to meet that burden.

On July 19, 2010, the Deputy Clerk certified that she mailed the Opinion and Order and Judgment to Dismuke at his USP-McCreary address which was, and is, his address of record. Nothing in the record indicates that either the Opinion and Order and Judgement, or any other Court documents mailed to Dismuke, have been returned as "Undeliverable."[1] *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (finding no abuse of discretion where extension of time for appeal was denied "because court records revealed that a copy of the order dismissing his case had been sent to [the prisoner] and never returned as undeliverable").

---

[1] On July 2, 2010, the Clerk of the Court mailed a copy of the "Notice of Privacy Rules and Redaction Policy" to Dismuke at his USP-McCreary address. Nothing in the record indicates that the Postal Service returned that mailing as "Undeliverable."

Dismuke admits receiving a copy of the docket sheet the Deputy Clerk of the Court mailed to him on October 22, 2010, but selectively denies receiving copies of the dismissal Orders which the Deputy Clerk certified re-mailing to him four days later on October 26, 2010. Given that neither the Opinion and Order and Judgment, nor any other mailings from the Court, have been marked as "Undeliverable" and returned to the Clerk of the Court, the Court must reject Dismuke's claim that he did not receive the Opinion and Order and Judgement when they were entered on July 19, 2010.[2] As all three criteria of Rule 4(a)(6) must be satisfied before the appeal time can be reopened, and as Dismuke has not satisfied the fist criterion, his construed Rule 4(a)(6) motion will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Pursuant to the Sixth Circuit's Order of May 3, 2011, [D. E. No. 11], the Clerk of the Court is instructed to docket Petitioner Douglas D. Dismuke's "Motion to Vacate and Re-enter July 19, 2010, Memorandum Opinion and Order " [D. E. No. 7], as a dual "Motion to Reopen the Appeal Period" pursuant to Federal

---

[2] As an aside, the Court notes that after Dismuke filed his § 2241 petition on July 1, 2010, he did not inquire about the status of his case until October 22, 2010. If Dismuke had valid concerns about his mail being delivered to him at the prison, he did not contact the Clerk with either written or phone inquiries as to the status of his § 2241 petition prior to late October 2010.

6

Rule of Appellate Procedure 4(a)(6).

(2) Dismuke's construed "Motion to Reopen the Appeal Period" pursuant to Federal Rule of Appellate Procedure 4(a)(6), [D. E. No. 7], is **DENIED**; and

(3) The Clerk of the Court is directed to forward a copy of this Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Case No. 10-6492.

This 25th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge